UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOSEPH B. MANSOUR,
    Plaintiff,

vs.

WEST CHESTER TOWNSHIP
BOARD OF TRUSTEES, *et al.*,
    Defendants.

Case No. 1:10-cv-880

Spiegel, J.
Litkovitz, M.J.

## REPORT AND RECOMMENDATION

This matter is before the Court on defendants' motion to dismiss plaintiff's amended complaint (Doc. 9), plaintiff's response thereto (Doc. 10), and defendants' reply memorandum. (Doc. 11).

Rule 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When considering a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept as true all factual allegations in the complaint and must draw inferences in a light most favorable to the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 236, (1974). *See also Erickson v. Pardus,* 551 U.S. 89, 93 (2007); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555-56 (2007).

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). To avoid dismissal for failure to state a claim for relief, plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 556). While the Court must accept all well-pleaded factual allegations as true, it need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The complaint need not contain "detailed factual allegations," yet must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. While the plaintiff need not plead specific facts, his statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson,* 551 U.S. at 93 (citations omitted).

## I. Facts and Procedural History

Plaintiff filed the instant pro se action on December 13, 2010 against defendants West Chester Township Board of Trustees, West Chester Police Officer Kyle Smith, and several John Doe Police Officers. On January 24, 2011, plaintiff filed an amended complaint[1] alleging federal law claims of false arrest and false imprisonment under 42 U.S.C. § 1983. Plaintiff also asserts state law claims for malicious prosecution and abuse of process. Plaintiff's amended complaint (Doc. 6) alleges the following:

On August 29, 2007, plaintiff called the West Chester Township Police Department

---

[1] Plaintiff's amended complaint supersedes the original complaint and is the "legally operative complaint." *See Parry v. Mohawk Motors of Mich., Inc.,* 236 F.3d 299, 306 (6th Cir. 2000).

(WTPD) in order to "file a report" against Kim Paladino, the perpetrator. Doc. 6, ¶ 11-13. WTPD Officer Smith responded to the call. *Id.*, ¶ 12. When the officer arrived at plaintiff's home, plaintiff handed Officer Smith a typed "memo of incidents, labeled as incidents August 9 through August 24, 2007." Doc. 6, ¶ 14. Officer Smith asked plaintiff to sign the report as verification that he in fact composed the memo. Plaintiff signed the memo but also informed Officer Smith that he was not filing criminal charges against Paladino. *Id.*, ¶ 15. Officer Smith questioned plaintiff and his son, who was also present, about specific details relating to events contained in the memo. *Id.*, ¶¶ 18-21. Plaintiff and his son reluctantly provided additional details including the times of certain incidents contained in the memo. After Officer Smith received the requested information he then left the scene. *Id.*, ¶ 22.

In response to plaintiff's call, Officer Smith prepared an Offense Report Form (known as form 100) which formed the basis for a complaint by plaintiff against Paladino for Menacing by Stalking under Ohio Revised Code § 2903.211. *Id.*, ¶¶ 30, 61.

On October 26, 2007, plaintiff's son was pulled over while driving plaintiff's car and was informed that a warrant had been issued for plaintiff's arrest. *Id.*, ¶ 25. Thereafter, on October 29, 2007, plaintiff voluntarily turned himself in to the custody of West Chester Police where he was arrested and charged with "False Alarms under Ohio Revised Code § 2917.32(A)(3)." *Id.*, ¶ 26.

On October 30, 2007, plaintiff appeared before a Magistrate for arraignment in Area III Court in Butler County, Ohio. *Id.*, ¶ 27. Plaintiff pled not guilty and was released by the court on an own recognizance bond. *Id.*

On December 17, 2007, plaintiff filed and received a public records request from the

WTPD in order to obtain the form 100 prepared by Officer Smith on August 29, 2007. *Id.*, ¶ 28. Plaintiff asserts the form does not contain his signature. Plaintiff investigated other report forms completed by Officer Smith and determined that 37% of the forms reviewed were not signed by the complainant in violation of the West Chester Board of Trustees Officer's Field Training Manual section 5.40. *Id.*, ¶ 31.

In March 2008, plaintiff contacted several members of the West Chester Board of Trustees to inform them of Officer Smith's failure to comply with the Field Training Manual. Plaintiff alleges that the West Chester Board of Trustees "failed to act concerning issues of police falsification of the specific reports and failure to have form 100 be signed by [plaintiff] as they were given specific knowledge of the misconduct. . . . " *Id.,* ¶ 36.

On June 4 and 5, 2009, a jury trial was held relating to plaintiff's false reporting charges and he was found "not guilty" on June 5, 2009. *Id.*, ¶ 43. The Trial Court entered a judgment of not guilty on June 10, 2009. *Id.*

Thereafter, on October 30, 2009, plaintiff filed a complaint against West Chester Township Board of Trustees, West Chester Police Officer Kyle Smith, several John Doe Police Officer Defendants, and other West Chester Township employees, based on the same facts outlined above, for violations of plaintiff's civil rights pursuant to 42 U.S.C. §§ 1983, 1985, and 1988. *See Mansour v. West Chester Township Trustees, et al*, Case No. 1:09-cv-801 (S.D. Ohio) (Barrett, J.). Plaintiff moved to voluntarily dismiss the lawsuit and the action was dismissed without prejudice on December 11, 2009.

On December 13, 2010, plaintiff filed the instant action against defendants alleging federal and state law claims arising out of his 2007 arrest and subsequent 2009 prosecution. On

January 3, 2011, defendants moved to dismiss the complaint for failure to state a claim upon which relief may be granted. (Doc. 3). Plaintiff responded by filing an amended complaint on January 24, 2011. (Doc. 6). Defendants then filed the instant motion to dismiss plaintiff's amended complaint. (Doc. 9).

II. **Defendants' motion to dismiss should be granted because plaintiff's amended complaint is barred, in part, by the statute of limitations and fails to state a claim for relief under federal law.**

Defendants seek dismissal on several grounds. First, defendants contend that to the extent plaintiff alleges a claim of false arrest under § 1983, the claim is barred by the applicable two-year statute of limitations. Second, defendants contend that plaintiff's amended complaint fails to state a claim for relief for false imprisonment under § 1983. Third, defendants assert that plaintiff's claim for malicious prosecution under Ohio law is barred by the doctrine of sovereign immunity. Fourth, defendants argue that plaintiff's abuse of process claim fails to state a claim for relief and is barred by the applicable statute of limitations and the doctrine of sovereign immunity. For the reasons that follow, the undersigned finds that plaintiff's amended complaint is barred, in part, by the applicable statute of limitations and fails to state a claim for relief under federal law.

*A. Plaintiff's false arrest claim is barred by the statute of limitations.*

Defendants argue that plaintiff's 42 U.S.C. § 1983 claim based on false arrest is barred by the two-year statute of limitations. The Court agrees.

Limitations periods in § 1983 suits are to be determined by reference to the appropriate state statute of limitations and the coordinate tolling rules. *Hardin v. Straub,* 490 U.S. 536, 539 (1989) (citing *Board of Regents, University of New York v. Tomiano,* 446 U.S. 478, 484 (1980)). The appropriate statute of limitations for § 1983 civil rights actions arising in Ohio is contained in

Ohio Rev. Code § 2305.10, which requires that actions for bodily injury be filed within two years after their accrual. *See Banks v. City of Whitehall,* 344 F.3d 550, 553-54 (6th Cir. 2003); *Browning v. Pendleton,* 869 F.2d 989, 992 (6th Cir. 1989) (en banc).

Although state law provides the statute of limitations in a § 1983 action, federal law governs the question of when that statute of limitations begins to run. *Wallace v. Kato,* 549 U.S. 384 (2007); *Sevier v. Turner,* 742 F.2d 262, 272-273 (6th Cir. 1984). The statute of limitations commences to run when the plaintiff knows or has reason to know of his injury, *i.e.,* when he should have discovered it through the exercise of reasonable diligence. *Sevier,* 742 F.2d at 273; *see also Cooey v. Strickland,* 479 F.3d 412, 416 (6th Cir. 2007).

In the instant case, plaintiff's false arrest claim accrued at the time of his arrest. *Fox v. DeSoto,* 489 F.3d 227, 233 (6th Cir. 2007) (citing *Kato,* 549 U.S. at 389).[2] Plaintiff's amended complaint alleges that he was arrested on October 29, 2007, when he turned himself in to the WTPD after learning a warrant had been issued for his arrest. (Doc. 6, ¶ 26). Plaintiff's complaint was filed on October 30, 2009,[3] one day after the expiration of the two year limitations period. Plaintiff's claim for false arrest is thus barred by the applicable statute of limitations. Therefore, defendants' motion to dismiss plaintiff's false arrest claim should be granted as time-

---

[2] Unlike the instant case where a warrant had been issued for plaintiff's arrest (Doc. 6, ¶ 25), the false arrest claim in *Kato* accrued when detention without legal process ended because the petitioner in *Kato* was arrested without a warrant. *Kato,* 549 U.S. at 389.

[3] Plaintiff's initial complaint was filed in the case before Judge Barrett of this Court. *See Mansour v. West Chester Township Trustees, et al,* Case No. 1:09-cv-801 (S.D. Ohio) (Barrett, J.). That action was voluntarily dismissed at plaintiff's request. The case was subsequently refiled by plaintiff under the instant case number purportedly under Ohio's savings statute, Ohio Rev. Code § 2305.19, which allows for a plaintiff who voluntarily dismisses a claim after the statute of limitations has run to refile the action within one year of the dismissal. *See Harris v. United States,* 422 F.3d 322, 331 (6th Cir. 2005) (citing *Bd. of Regents of the Univ. of the State of New York v. Tomanio,* 446 U.S. 478, 483 (1980)). However, the savings statute "has no application unless an action is *timely commenced* and is then dismissed without prejudice after the applicable statute of limitations has run." *Lewis v. Connor,* 487 N.E.2d 285, 287 (Ohio 1985) (emphasis added).

barred by the statute of limitations.

In any event, for the reasons explained below, plaintiff's amended complaint fails to state a claim for relief for false arrest under § 1983.

### B. Plaintiff's complaint fails to state a claim for relief under 42 U.S.C. § 1983.

To state a claim for relief under 42 U.S.C. § 1983, plaintiff must allege sufficient facts that, if true, would establish that defendants deprived him of a right secured by the Constitution or the laws of the United States, and that this deprivation was carried out by defendants acting under color of state law. *Ellison v. Garbarino*, 48 F.3d 192, 194 (6th Cir. 1995). *See also Graham v. National Collegiate Athletic Ass'n*, 804 F.2d 953, 957 (6th Cir. 1986) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986)).

Here, plaintiff's amended complaint alleges that he was falsely arrested and falsely imprisoned in violation of his rights under the Fourth and Fourteenth Amendments. Plaintiff's federal law claims are governed by the Fourth Amendment, and not substantive due process. "[W]here a particular amendment provides an explicit textual source of constitutional protection against a particular sort of governmental behavior, that Amendment, not the more generalized notion of substantive due process" applies. *County of Sacramento v. Lewis*, 523 U.S. 833, 842 (1998) (internal quotation marks and citation omitted). Because plaintiff's claims of unlawful arrest and detention are covered by the Fourth Amendment, as explained below, plaintiff's amended complaint does not state a substantive due process claim under the Fourteenth Amendment. *See County of Sacramento*, 523 U.S. at 842; *Berg v. County of Allegheny*, 219 F.3d 261, 268-69 (3d Cir. 2000).

When a § 1983 plaintiff brings a claim of false arrest, "[t]he federal constitutional right implicated . . . is the Fourth Amendment right to be arrested only upon probable cause." *Crockett v. Cumberland Coll.*, 316 F.3d 571, 579-80 (6th Cir. 2003) (citing *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995) (finding that a claim for wrongful arrest turns on whether officer had probable cause under the Fourth Amendment); *Radavansky v. City of Olmstead Falls*, 496 F.3d 609, 614 (6th Cir. 2007) (to prevail on Fourth Amendment false arrest claim, plaintiff must establish officer lacked probable cause to believe person committed or was committing an offense). Claims of false arrest and false imprisonment under § 1983 overlap, with false arrest being a species of false imprisonment. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). False imprisonment is detention without legal process. *Id.* at 389. False imprisonment necessarily ends when the individual becomes held pursuant to legal process, *e.g.*, when he is arraigned on charges. *Id.* To prevail on a false arrest and false imprisonment claim under the Fourth Amendment, a plaintiff must show that he was arrested without probable cause and detained without legal process. *Wallace*, 549 U.S. at 390.

"An arrest pursuant to a facially valid warrant is generally a complete defense to a claim for false arrest or false imprisonment brought under § 1983." *Voyticky v. Village of Timberlake, Ohio*, 412 F.3d 669, 677 (6th Cir. 2005) (citing *Baker v. McCollan*, 443 U.S. 137, 143-44 (1979)). However, where an officer intentionally provided misleading information or omitted information at a probable cause hearing for an arrest warrant and the misleading or omitted information is critical to the finding of probable cause, the officer may not rely on the judicial determination of probable cause. *Id.* n.4 (citing *Mays v. City of Dayton*, 134 F.3d 809, 816 (6th Cir. 1998); *United States v. Atkin*, 107 F.3d 1213, 1217 (6th Cir. 1997)). An arrestee's actual innocence is irrelevant

-8-

to whether there existed probable cause for an arrest warrant. *Baker*, 443 U.S. at 145; *Criss v. City of Kent*, 867 F.2d 259, 262 (6th Cir. 1988).[4] "[A]n arrest grounded in probable cause does not become invalid simply because the charges are later dropped or the defendant is acquitted." *Manley v. Paramount's Kings Island*, 299 F. App'x 524, 530 (6th Cir. 2008) (citing *Williams ex rel. Allen v. Cambridge Bd. of Educ.*, 370 F.3d 630, 638 (6th Cir. 2004)).

In the present case, plaintiff alleges that he was falsely arrested and falsely imprisoned after being charged with making false alarms in violation of Ohio Revised Code § 2917.329(A)(3).[5] However, plaintiff fails to allege sufficient facts establishing that he was arrested or imprisoned without probable cause as required to establish a violation of his constitutional rights. Notably, plaintiff's amended complaint fails to include any facts relating to his alleged false imprisonment, such as the length and location of such imprisonment or whether he actually spent any time in jail.[6]

Plaintiff's complaint alleges that he contacted the WTPD in order to file a report against Ms. Paladino. Officer Smith responded to the call, took plaintiff's typed statement, and prepared an Offense Report. Officer Smith made handwritten notations on the plaintiff's typed report and

---

[4] As explained by the Supreme Court in *Baker,* a case involving an arrest and 3-day detention based on mistaken identity, the petitioner's "innocence of the charge contained in the warrant . . . is largely irrelevant to his claim of deprivation of liberty without due process of law." *Id.* at 145. The Court further stated that although the petitioner was "deprived of his liberty for a period of days . . . it was pursuant to a warrant conforming . . . to the requirements of the Fourth Amendment." *Id.* at 144. The Supreme Court also stated, "[g]iven the requirements that arrest be made only on probable cause . . . we do not think a sheriff executing an arrest warrant is required by the Constitution to investigate independently every claim of innocence." *Baker*, 443 U.S. at 145-146.

[5] Ohio Revised Code § 2917.329(A)(3) provides that "[n]o person shall . . . [r]eport to any law enforcement agency an alleged offense or other incident within its concern, knowing that such offense did not occur."

[6] The amended complaint alleges that plaintiff voluntarily turned himself in to the WTPD on October 29, 2007 "to obey the warrant for his arrest" and was arrested by the WTPD. The following day he was arraigned, pled not guilty, and was released on his own recognizance. (Doc. 6, ¶¶ 26-27). Plaintiff does not allege he was detained following his arrest and prior to his arraignment on October 30, 2007.

later completed an Offense Report (form 100). Plaintiff appears to allege that because Officer Smith added handwritten times to the typed report plaintiff generated and failed to have plaintiff sign the Offense Report he prepared in response to plaintiff's call to WTPD on August 29, 2007, plaintiff was wrongly accused of making false alarms under Ohio law and the warrant for his arrest lacked probable cause.

Because plaintiff was arrested pursuant to a warrant, plaintiff must show that defendants intentionally provided misleading information or omitted information at the probable cause hearing for an arrest warrant, and that the misleading or omitted information is critical to the finding of probable cause. *See Voyticky,* 412 F.3d at 677. Plaintiff's amended complaint must allege sufficient facts showing "that in order to procure the warrant, [the officer] knowingly and deliberately, or with reckless disregard for the truth, made false statements or omissions that created a falsehood and such statements or omissions were material, or necessary, to the finding of probable cause." *Sykes v. Anderson*, 635 F.3d 294, 305 (6th Cir. 2010) (citations omitted). Plaintiff's amended complaint fails include any such allegations or specific facts relating to the probable cause determination surrounding the issuance of his arrest warrant.

Notably, plaintiff fails to allege that the handwritten information supplied by Officer Smith was false or did not accurately characterize the dates and times supplied by plaintiff and his son in response to questioning by Officer Smith. Furthermore, plaintiff fails to allege that Officer Smith intentionally provided misleading information or omitted information in order to obtain probable cause to arrest plaintiff or that Officer Smith's writing on the margins of plaintiff's typed memo was critical to the finding of probable cause to issue a warrant for plaintiff's arrest for making false alarms under Ohio law. Despite plaintiff's allegation that he told Officer Smith that he did

not want to file criminal charges, he called the WTPD in order to file a "report of incidents" against Ms. Paladino and gave Officer Smith a typed memo outlining such incidents. The complaint alleges that Officer Smith generated his Offense Report based upon plaintiff's typed report. (Doc. 6, ¶ 42).

Thus, although plaintiff alleges Officer Smith generated a "false report," the amended complaint alleges that such report was based upon the incident report plaintiff gave to Officer Smith. Moreover, as detailed above, plaintiff does not claim that the handwritten information added by Officer Smith or the information contained in the form 100 was false or misleading in relation to the incident report filed by plaintiff.

In response to defendants' motion to dismiss, plaintiff argues that the words "'falsely arrested without probably cause, illegally and without any right or authority to do so,' clearly establish that Mansour's liberty interests was (sic) deprived without due process and without probable cause." (Doc. 10 at 10). However, to survive a motion to dismiss, a pleading must offer more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action. . . ." *Twombly*, 550 U.S. at 555. Plaintiff's amended complaint fails to do so.

Based on the forgoing, the undersigned finds that plaintiff's amended complaint fails to state a claim for relief under section 1983 against the defendants for false arrest or false imprisonment. Defendants' motion to dismiss plaintiff's federal law claims should be granted.

*C. Plaintiff's remaining state law claims should be dismissed without prejudice.*

To the extent that plaintiff's amended complaint alleges state law claims against defendants for malicious prosecution and abuse of process, it is not necessary to address the merits of those claims. Pursuant to 28 U.S.C. § 1367(c)(3), the district court has the discretion to

dismiss claims over which it has supplemental jurisdiction when it has dismissed all claims over which it has original jurisdiction. *Dobbs-Weinstein v. Vanderbilt Univ.*, 185 F.3d 542, 546 (6th Cir. 1999). Moreover, the Sixth Circuit has recognized a general rule disfavoring a district court's exercise of pendent jurisdiction when federal question claims are dismissed before trial. *See Gaff v. Federal Deposit Ins. Corp.*, 814 F.2d 311, 319 (6th Cir. 1987) (citing *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966)). *See also Pilgrim v. Littlefield,* 92 F.3d 413, 417 (6th Cir. 1996) ("Where a district court exercises jurisdiction over state law claims solely by virtue of pendent jurisdiction and the federal claims are dismissed prior to trial, the state law claims should ordinarily be dismissed without reaching their merits.") (quoting *Wolotsky v. Huhn*, 960 F.2d 1331, 1338 (6th Cir. 1992)).

Accordingly, if the Court adopts the undersigned's recommendation to grant defendants' motion to dismiss as to plaintiff's federal claims, then the Court should decline to exercise supplemental jurisdiction over plaintiff's state claims and dismiss those claims without prejudice.

**IT IS THEREFORE RECOMMENDED THAT:**

(1) Defendants' motion to dismiss (Doc. 9) be **GRANTED**, the remaining pending motions be **DENIED as MOOT** (Docs. 2, 3, 4 & 5), and this case be **TERMINATED** on the Court's docket.

(2) The Court decline to exercise supplemental jurisdiction over plaintiff's state claims and dismiss those claims without prejudice.

Date: 9/8/2011

Karen L. Litkovitz
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | |
|---|---|
| JOSEPH B. MANSOUR,<br>    Plaintiff,<br>vs.<br><br>WESTCHESTER TOWNSHIP<br>BOARD OF TRUSTEES, *et al.*,<br>    Defendants. | Case No. 1:10-cv-880<br>Spiegel, J.<br>Litkovitz, M.J. |

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY | | |
|---|---|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X | ☒ Agent<br>☐ Addressee | |
| | B. Received by (Printed Name) | C. Date of Delivery | |
| 1. Article Addressed to:<br><br>Joseph B Mansour<br>7248 Basswood Dr<br>West Chester, OH 45069 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No | | |
| | 3. Service Type<br>☒ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D. | | |
| | 4. Restricted Delivery? (Extra Fee) | ☐ Yes | |
| 2. Article Number<br>(Transfer from service label) | 7003 2260 0002 6723 4095 | | |
| PS Form 3811, February 2004 | Domestic Return Receipt | | 102595-02-M-1540 |