UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Joseph B. Mansour,

    Plaintiff,                                                 Case No.: 1:10-cv-880

    v.                                                              Judge Michael R. Barrett

West Chester Township
Board of Trustees, et al,

    Defendants.

## OPINION & ORDER

This matter is before the Court on Magistrate Judge Karen L. Litkovitz's September 8, 2011, Report and Recommendation ("Report") (Doc. 13)[1] and Defendants' corresponding Motion to Dismiss Amended Complaint (Doc. 9). The Report recommends that Defendants' motion to dismiss be granted. (Doc. 13, 12.)

The parties were given proper notice, pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, including notice that the parties may waive further appeal if they fail to file objections in a timely manner. *See United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981).[2] Plaintiff has filed a timely Objection (Doc. 15). Additionally, Defendants have filed a response (Doc. 16), and Plaintiff has filed a reply (Doc. 18).

Plaintiff's Objection is ripe for review. For the reasons stated below, the Court OVERRULES Plaintiff's Objection, and the Report is ADOPTED in its entirety.

---

[1] All Court document citations are to Docket Entry numbers.

[2] Notice was attached to the Report regarding objections. (Doc. 13, 13.)

1

**I.     Background**

The facts of this case are sufficiently detailed in the Report and in Plaintiff's Amended Complaint.  (*See* Doc. 13, 2–5; Doc. 6 ¶¶ 10–46.)  Thus, the Court only repeats the most basic facts here.

Plaintiff, Joseph B. Mansour, brings this pro se action as a result of his arrest and trial on a charge of "False Claims under Ohio Revised Code § 2917.32(A)(3)." (Doc. 6 ¶ 26.)  After a jury trial, an Ohio court found Plaintiff not guilty of the charge on June 5, 2009.  On October 30, 2009, Plaintiff filed a complaint in this Court alleging civil-rights violations under 42 U.S.C. § 1983.  Plaintiff voluntarily dismissed that suit without prejudice on December 11, 2009.  A year later, on December 13, 2010, Plaintiff filed the instant action against Defendants, the West Chester Township Board of Trustees, West Chester Police Officer Kyle Smith, and several John Doe Police Officers.  Plaintiff brings four claims: (1) false arrest under § 1983; (2) false imprisonment under § 1983; (3) malicious prosecution under Ohio law; and (4) abuse of process under Ohio law.

The Report recommends that Defendants' motion to dismiss be granted.  (Doc. 13, 12.)  More specifically, the Report finds that Plaintiff's false-arrest claim is barred by the two-year statute of limitations (Doc. 13, 5); that Plaintiff's false-arrest and false-imprisonment claims fail to state a claim upon which relief can be granted (Doc. 13, 11); and that the Court should decline to exercise supplemental jurisdiction over Plaintiff's state-law claims and that they should be dismissed without prejudice.  (Doc. 13, 12.)  Finally, the Report recommends that all additional pending motions should be denied as mood and that this case be terminated from the Court's docket.  (Doc. 13, 12.)

Plaintiff has filed timely objections.  He maintains six specific objections: (1)

Plaintiff was not noticed nor did he content to a magistrate judge hearing of this matter under 28 U.S.C. § 636(c) and the magistrate judge does not have such authority under § 636(c)(1); (2) the Report failed to consider Plaintiff's response in opposition to Defendants' motion to dismiss; (3) Plaintiff's false-arrest claim is not barred by the statute of limitations; (4) Plaintiff's § 1983 claims do not fail to state a claim for relief; (5) Plaintiff's state-law claims should not be dismissed; and (6) Plaintiff's motion to file electronically should not be denied as moot. (Doc. 15, 1–2.) The Court addresses each of these objections in turn.

## II. Analysis

### A. Legal Standards

When objections are received to a magistrate judge's report and recommendation on a dispositive matter, the district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1). General objections are insufficient to preserve issues for review; "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Defendants' bring their motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 9, 1.) Rule 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In reviewing a motion to dismiss, this Court must "construe the complaint in the light

3

most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008) (*quoting Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)).

"[T]o survive a motion to dismiss, a complaint must contain (1) 'enough facts to state a claim to relief that is plausible,' (2) more than 'a formulaic recitation of a cause of action's elements,' and (3) allegations that suggest a 'right to relief above a speculative level.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, *passim* (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (*citing Twombly*, 550 U.S. at 556). Although the plausibility standard is not equivalent to a "'probability requirement' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (*quoting Twombly*, 550 U.S. at 556).

While the Court must accept all well-pleaded factual allegations as true, it need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (*quoting Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The complaint need not contain detailed factual allegations, yet it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949 (*citing Twombly*, 550 U.S. at 555). A pleading that offers labels and conclusions or merely a formulaic recitation of legal elements will not do. *Id.* Nor does a complaint suffice if it tenders naked assertions devoid of factual enhancement. *Id.* While a plaintiff need not plead specific facts, the complaint must "give the defendant fair notice of what the claim

4

is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal quotations omitted) (*quoting Twombly*, 550 U.S. at 555).

  **B.**  **Plaintiff's Objections**

Plaintiff maintains six specific objections to the Report. (Doc. 15, 1–2.) The Court considers each.

    **1.**  **First Objection—Magistrate Judge's Statutory Authority**

Plaintiff's first objection contends that because he did not consent for a magistrate judge to hear this matter pursuant to 28 U.S.C. § 636(c), the magistrate judge did not have authority under § 636(c)(1) to issue its Report. (Doc. 15, 4.) As Plaintiff puts it, "by what legal authority does the Magistrate act in issuing the [Report] in question?" (Doc. 15, 4.) Defendants correctly answer that the magistrate judge's authority to hear this matter is established under § 636(b)(1) rather than under § 636(c).

Title 28 U.S.C. § 636(c)(1) establishes a magistrate judge's authority to conduct "any or all proceedings in a jury or nonjury civil matter . . . ." 28 U.S.C. § 636(c)(1). This language is nonrestrictive as to what matters the magistrate judge can hear, but it requires "consent of the parties." 28 U.S.C. § 636(c)(1). In contrast, § 636(b)(1) allows a magistrate judge "to hear and determine any pretrial matter," but that grant of authority comes with certain restrictions. 28 U.S.C. § 636(b)(1)(A). Subparagraphs (A), (B), and (C) detail those restrictions, stating that the magistrate judge can "hear and determine" a pretrial motion to dismiss "for failure to state a claim," § 636(b)(1)(A), but rather than deciding the matter directly, as is allowed under § 636(c)(1), the magistrate judge must "file [her] proposed findings and recommendations . . . with the court," 28 U.S.C. § 636(b)(1)(C).

5

This Court has already explained this exact issue in *United States v. Forrester*, No. C-1-98-839, 2000 WL 1718538 (S.D. Ohio Aug. 14, 2000). As the *Forester* Court stated, "[s]ection 636(b)(1)(B) gives district judges the authority to order magistrate judges to issue proposed findings of fact and make recommendations concerning motions to dismiss without any party's consent." *Id.* at *3. As occurred in *Forrester*, Plaintiff "confuses this procedure with an action referred to the magistrate judge under section 636(c)(1), which requires party consent when a magistrate judge conducts and orders entry of judgment in a case." *Id.* Accordingly, because Magistrate Judge Litkovitz was authorized to issue her Report by 28 U.S.C. § 636(b)(1), Plaintiff's first objection is OVERRULED.

**2. Second Objection—Considering Plaintiff's Response Memorandum**

Plaintiff's second objection contends that the magistrate judge failed to consider his response memorandum opposing Defendants' motion to dismiss (Doc. 10). (Doc. 15, 6.) He states that his "articulated response[ ], that when considered, does state a claim for relief . . . ." (Doc. 15, 6.) Put another way, he is asserting that if the magistrate judge had considered his response memorandum, she would not have recommended that his claims be dismissed for failure to state a claim. (*See* Doc. 15, 6–7.) Defendant counters that Plaintiff is factually incorrect on this point (Doc. 16, 2), and this Court agrees.

The Report specifically quoted to Plaintiff's response memorandum, and considered the specific argument he appears to be referring to (that he stated a claim for relief). (Doc. 13, 11.) Regardless, the determination of a motion to dismiss is based on an examination of the complaint, not on an examination of a response memorandum.

6

*See Tackett*, 561 F.3d at 488. It is Plaintiff's Amended Complaint that must state a claim, not Plaintiff's response memorandum. If the Amended Complaint fails to state a claim, then dismissal is proper. *See id.* Furthermore, the Court deals with the specific arguments Plaintiff makes in his response memorandum below. For all these reasons, Plaintiff's second objection is OVERRULED.

   **3.  Third Objection—False-Arrest Claim & Statute of Limitations**

Plaintiff's third objection argues that the Report is incorrect where it concludes that Plaintiff's false-arrest claim is barred by the two-year statute of limitations. (Doc. 15, 7.) The Report found that Plaintiff's § 1983 false-arrest claim accrued on the date of his arrest, October 29, 2007. Plaintiff filed his original complaint on October 30, 2009, which missed the two-year statute of limitations by one day. Accordingly, the Report found that Defendants' motion to dismiss Plaintiff's false-arrest claim should be granted. (Doc. 13, 6–7.)

The parties agree that a two-year statute of limitations applies, but citing *Wallace v. Kato*, 549 U.S. 384 (2007), Plaintiff argues that the Report mistakenly interprets binding precedent. Relying on *Kato*, he maintains that because false arrest and false imprisonment claims "'are indistinguishable as a cause of action, and therefore are treated identically . . . . [t]he Limitation begins to run against an action for false imprisonment *and false arrest* when the alleged false imprisonment ends.'" (Doc. 15, 9) (emphasis added) (quoting Doc. 6 ¶ 57).

Defendants counter argue that Plaintiff has already raised this issue in his response memorandum (Doc. 10, 3–4) and that the magistrate judge has specifically analyzed and rejected it. (Doc. 16, 2.) In considering this issue, the Report states,

7

"Unlike the instant case where a warrant had been issued for plaintiff's arrest (Doc. 6 ¶ 25), the false arrest claim in *Kato* accrued when detention without legal process ended because the petitioner in *Kato* was arrested without a warrant. *Kato*, 549 U.S. at 389." (Doc. 13, 6 n.2.) Defendant makes this same point: "Plaintiff was arrested pursuant to a warrant, but the cases he relies on are based on *warrantless* arrests." (Doc. 16, 2.)

Defendants and the Report are correct here. The Sixth Circuit dealt with this question where it stated as follows:

> Under federal law, the limitations period begins to run when a plaintiff knew or should have known of the injury that forms the basis of the claim. In fact, the Court in *Wallace [v. Kato]* specifically held that a claim for wrongful arrest under § 1983 accrues at the time of the arrest or, at the latest, when detention without legal process ends.

*Fox v. DeSoto*, 489 F.3d 227, 233 (6th Cir. 2007) (internal citations omitted) (citing *Kato*, 549 U.S. at 388); *see also Wheeler v. Kirkland*, No. 07-CV-336, 2008 WL 440287, at *6 (E.D. Ky. Feb. 13, 2008) (explaining further that the arrest in *Kato* was warrantless, but where "arrest was pursuant to a duly obtained arrest warrant," the statute of limitations begins to run upon arrest). Here, Plaintiff knew of the alleged injury on the date he was arrested, October 29, 2007, which was two years and one day before he filed the claim on October 30, 2009. The Report's finding that Plaintiff's false-arrest claim is time-barred is correct. Accordingly, Plaintiff's third objection is OVERRULED.[3]

### 4.  Fourth Objection—§ 1983 Claims & Failure to State a Claim

Plaintiff's fourth objection maintains that the Report is incorrect where it concludes that Plaintiff's Amended Complaint fails to state a claim for relief under §

---

[3] Note that Plaintiff repeats this same statute of limitations argument as part of his fourth objection. (Doc. 15, 10–11.) For the same reasons as above, the argument is OVERRULED there as well.

8

1983.  (Doc. 15, 9.)  In essence, Plaintiff argues that there was no probable cause to issue the arrest warrant because Defendant Officer Smith used a falsified document and a falsified police report to obtain that arrest warrant.  (Doc. 15, 11.)  Defendants maintain that the Report thoroughly analyzed this question and that Plaintiff has no support for his assertion that Officer Smith manufactured false evidence.  (Doc. 16, 2–3.)

As the report recognizes (Doc. 13, 8), to prevail on his false arrest and false imprisonment claims, Plaintiff must show that he was arrested without probable cause and detained without legal process.  *Wallace v. Kato*, 549 U.S. 384, 390 (2007); *Voyticky v. Vill. of Timberlake, Ohio*, 412 F.3d 669, 677 (6th Cir. 2005) ("A false arrest claim under federal law requires a plaintiff to prove that the arresting officer lacked probable cause to arrest the plaintiff.").  "An arrest pursuant to a facially valid warrant is normally a complete defense to federal constitutional claim for false arrest or false imprisonment made pursuant to § 1983."  *Voyticky*, 412 F.3d at 677 (citing *Baker v. McCollan*, 443 U.S. 137, 143–44 (1979).  Such an arrest warrant existed here.  (Doc. 6 ¶¶ 25, 26.)  However, an arresting officer may not rely on the judicial determination of probable cause where an officer intentionally provided misleading information or omitted information at a probable cause hearing for an arrest warrant and the misleading or omitted information is critical to the finding of probable cause.  *Voyticky*, 412 F.3d at 677 n.4 (citing *Mays v. City of Dayton*, 134 F.3d 809, 816 (6th Cir. 1998) and *United States v. Atkin*, 107 F.3d 1213, 1217 (6th Cir. 1997)).

The Report found that although Plaintiff alleges "that he was falsely arrested and falsely imprisoned . . . . Plaintiff fails to allege sufficient facts establishing that he was

arrested or imprisoned without probable cause as required to establish a violation of his constitutional rights." (Doc. 13, 9.) The Report continues, stating that "plaintiff fails to allege . . . that Officer Smith's writing on the margins of plaintiff's typed memo [the allegedly false statement] was critical to the finding of probable cause to issue a warrant for plaintiff's arrest for making false alarms under Ohio law." (Doc. 13, 10.) This is an insurmountable flaw in Plaintiff's Amended Complaint.

Because Plaintiff was arrested under a facially valid arrest warrant, he must show that to procure that warrant, Officer Smith "'knowingly and deliberately, or with reckless disregard for the truth, made false statements or omissions that create[d] a falsehood' and 'such statements [we]re *material, or necessary, to the finding of probable cause*.'" *Sykes v. Anderson*, 625 F.3d 294, 305 (6th Cir. 2010) (alterations in original) (emphasis added) (quoting *Wilson v. Russo*, 212 F.3d 781, 786–87 (3d Cir. 2000)). Nowhere does Plaintiff claim that the alleged false statements were "critical to the finding of probable cause." (*See* Doc. 6); *Voyticky*, 412 F.3d at 677 n.4. The Court has closely reviewed every word of Plaintiff's Amended Complaint, and it has found no reference to the relevance of the allegedly falsified information. (*See* Doc. 6.) Although Plaintiff does claim that "Officer Smith falsified the typed memo by altering it by writing times on the left margin without Mansour's knowledge and by filing form 100 incident without Mansour's signature," (Doc. 6 ¶ 77) the Amended Complaint provides no clue as to how any of that is "material, or necessary, to the finding of probable cause," *Sykes*, 625 F.3d at 305, or, "critical to the finding of probable cause," *Voyticky*, 412 F.3d at 677 n.4. Plaintiff leaves the Court guessing as to this crucial point. Accordingly, because the Amended Complaint fails here, the Report's recommendation is well taken.

Furthermore, Plaintiff's allegation that "Officer Smith used the false report form 100 . . . and the altered typed memo that he created to secure an arrest against Mansour," (Doc. 6 ¶ 62) is insufficient pleading. As the Report made clear, "to survive a motion to dismiss, a pleading must offer more than 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" (Doc. 13, 11) (quoting *Twombly*, 550 U.S. at 555). Simply stating that falsified information was used to obtain an arrest warrant is not enough; Plaintiff must allege how the falsified information was "critical to the finding of probable cause," *Voyticky*, 412 F.3d at 677 n.4. The arguments relative to this issue made by Plaintiff in his reply memorandum do nothing to alter this conclusion (*see* Doc. 18, 2–3), and similarly, Plaintiff is incorrect where he maintains that the Report failed to analyze the issue of the warrant being falsified by Officer Smith (Doc. 18, 1; Doc. 13, 9–11). Accordingly, Plaintiff's fourth objection is OVERRULED.

Additionally, the Report found that Plaintiff failed to plead "any facts relating to his alleged false imprisonment, such as the length and location of such imprisonment or whether he actually spent any time in jail." (Doc. 13, 9.) The Court notes that Plaintiff raises no objection to this finding and makes no effort to counter the resulting conclusion. (*See* Docs. 15 & 18.) As a result, the Report's recommendation in this respect is ADOPTED.

### 5. Fifth Objection—Dismissal of State-Law Claims

Plaintiff's fifth objection maintains that the Report errs where it recommends that this Court should decline to exercise supplemental jurisdiction and dismiss Plaintiff's state-law claims without prejudice because Plaintiff "has clearly establishe[d] [that] his rights are violated under § 1983 and [that he] did plead sufficient facts entitling him to

11

relief." (Doc. 15, 16.) Because the Court has already ruled otherwise, this specific objection is OVERRULED.

Plaintiff also requests that his state-law claims be "transferred to the appropriate Court of Common Pleas in Butler County Ohio," because, "if this Court simply dismisses these state claims, Mansour would not be able to file them as the statute of limitations would have passed . . . ." (Doc. 15, 16–17.) Because Plaintiff cites no legal basis for such an action (*see* Docs. 15 & 18), the Court declines Plaintiff's invitation here.

Finally, the Court notes that Plaintiff's incorporation of his response memorandum to Defendant's motion to dismiss (Doc. 15, 17) is not relevant here. The arguments Plaintiff incorporates relate to sovereign immunity, statute of limitations, probable cause, and the failure to state a claim all surrounding his two state-law claims. (Doc. 10, 12–22.) But the Report did not address any of those issues as they relate to his state-law claims. (*See* Doc. 13, 11–12.) Accordingly, such objections to the Report are irrelevant and not well taken. Plaintiff's fifth objection is OVERRULED.

### 6. Sixth Objection—Plaintiff's Motion to File Electronically

Plaintiff's sixth objection maintains that the Report erred "by denying as moot" his motion to file electronically (Doc. 4). (Doc. 15, 17.) Plaintiff appears to misunderstand the effect of the Report here. The Report recommends that because Defendants' motion to dismiss should be granted, Plaintiff's remaining pending motions, one of which is his motion to file electronically, should be denied as moot. (Doc. 13, 12.) These are merely recommendations, and the Report itself has no immediate impact on the pendency of Plaintiff's remaining motions. But Plaintiff seems to assume that his motion to file electronically has already been denied by the magistrate judge's action.

(*See* Doc. 15, 17.)  This is not the case.  Plaintiff's misunderstanding here most likely stems from his misunderstanding of the magistrate judge's authority under 28 U.S.C. § 636.  As explained above, under § 636(b)(1) the magistrate judge can only report and recommend what actions this Court should take.  28 U.S.C. § 636.  Accordingly, the Report has done nothing more than make a recommendation; it has not denied his motion to file electronically.

For their part, Defendants seem to assume that Plaintiff is complaining that because the Court has not yet granted his motion to file electronically, he has been prejudiced throughout the life of this case.  (*See* Doc. 16, 4.)  As Defendants state, Plaintiff "claims that not being able to file electronically has 'prejudiced' him . . . ."  (Doc. 16, 4.)  But this is a mistaken reading of Plaintiff's argument.  Given the present tense of the language that Plaintiff uses, rather than the past tense, Plaintiff is not complaining about a past injury, rather, he is complaining about a present injury.  (Doc. 15, 17.)  He complains that he "is prejudiced by this denial [by the magistrate judge's denial] to file electronically."  (Doc. 15, 17.)  This indicates Plaintiff's mistaken belief that the Court has already denied his motion to file electronically, which again, is not accurate.  But even if Plaintiff is complaining of a past injury, his inability to file electronically has not prejudiced him.  Given the frequency and timeliness of his filings, as reflected on the docket, Plaintiff has not demonstrated that he has been prejudiced.  *See Smith v. Yarrow*, 78 F. App'x 529, 544–45 (6th Cir. 2003) (finding that plaintiff who was unable to file electronically was not prejudiced).

Regardless, as a pro se party, Plaintiff deserves a full explanation here.  Other than the motion to dismiss, the Report recommends that both parties' remaining

pending motions be "denied as moot." (Doc. 13, 12.) "Moot" means "[h]aving no practical significance." *Black's Law Dictionary*, 1099 (9th ed. 2009). As it is used here, the Report recommends that Plaintiff's motion to file electronically be "denied as moot" because if Defendants' motion to dismiss is granted, then all other remaining pending motions "hav[e] no practical significance." *Black's Law Dictionary*, 1099 (9th ed. 2009). In other words, they are "moot" because once the case is dismissed, any remaining pending motions are meaningless. Thus, the Report recommends that if this Court accepts its recommendation and grants Defendants' motion to dismiss, it should also deny any remaining pending motions as moot. Because Plaintiff's sixth objection misunderstands the effect of the Report, and therefore does not state a valid objection, it is OVERRULED.

### 7. Oral Hearing

As one final point, the Court notes that Plaintiff has repeatedly requested an oral hearing on his objections. (Doc. 15, 2; Doc. 18, 5.) Rule 78 of the Federal Rules of Civil Procedure provides that "[b]y rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings." Fed. R. Civ. P. 78(b). The United States District Court for the Southern District of Ohio has satisfied this requirement by adopting a rule providing that "[p]ursuant to Fed. R. Civ. P. 78, the determination of all motions . . . shall be based upon memoranda filed . . . without oral hearings, unless specifically ordered by the Court." S.D. Ohio Civ. R. 7.1(a). As the Sixth Circuit held long ago, "litigants are not entitled as a matter of right to an oral hearing on every motion. District Courts . . . [may] dispose of many motions, including motions to dismiss, without oral hearings." *Goodpasture v. Tenn. Valley Auth.*, 434 F.2d

760, 764 (6th Cir. 1970).  Because the Court finds that it is unnecessary, Plaintiff's request for an oral hearing is DENIED.

### III.    Conclusion

Having reviewed this matter de novo in accordance with Rule 72 of the Federal Rules of Civil Procedure, the Court finds Magistrate Judge Karen L. Litkovitz's Report (Doc. 13) to be thorough, well reasoned, and correct.  Plaintiff's objections are **OVERRULED**, and the Report is **ADOPTED** in its entirety.  As the Report recommends (Doc. 13, 12), Defendants' motion to dismiss (Doc. 9) is **GRANTED**, the remaining pending motions (Docs. 2, 3, 4 & 5) are all **DENIED as MOOT**, Plaintiff's state-law claims are **DISMISSED without PREJUDICE** because the Court declines to exercise supplemental jurisdiction over those claims, and this case is **TERMINATED** from the Court's docket.

**IT IS SO ORDERED**.

*s/Michael R. Barrett*
United States District Judge